UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAWAN HAYES,

        Petitioner,

                                                                                              Case Number 06-14326-BC

v.                                                                                                   Honorable Thomas L. Ludington

JOHN PRELESNIK,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE

Presently before the Court is the petitioner's motion to stay his petition for a writ of habeas corpus and hold further proceedings in this matter in abeyance so that he may return to the state courts to exhaust several constitutional claims. The Court believes that a stay is appropriate and therefore will grant the motion.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A federal court may stay a habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless.*"* *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The petitioner argues that his unexhausted claims were not presented in state court because his attorney was ineffective. As a general rule, an appellate attorney cannot be expected to raise his or her own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000).

Thus, the Court believes that the petitioner has asserted good cause for failing previously to present these claims in state court. In addition, it appears that these claims are not "plainly meritless" and that the petitioner has not engaged in intentional dilatory tactics. *See Rhines,* 544 U.S. at 277-78.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that the petitioner does not delay in exhausting his state court remedies, the Court imposes upon the petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). The petitioner must present his claims in state court within sixty days from the date of this order. *See ibid.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See ibid; Abela v. Martin*, 348 F.3d 164, 170 (6th Cir. 2003) (holding that "the limitations period is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application"). "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

Accordingly, it is **ORDERED** that the petitioner's motion to stay proceedings [dkt # 4] is **GRANTED**. The petitioner shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be

considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: June 25, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 25, 2007.

s/Tracy A. Jacobs  
TRACY A. JACOBS