UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAWAN HAYES, #426663,

            Petitioner,            Case No. 06-cv-14326

v                                              Honorable Thomas L. Ludington

JEFF WHITE,

            Respondent.

_____/

**OPINION AND ORDER DENYING THE MOTION TO RE-OPEN,
DISMISSING THE AMENDED PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Michigan prisoner Jawan Hayes ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of first-degree felony murder, first-degree premeditated murder, armed robbery, and felony firearm following a jury trial with his co-defendants in the Wayne County Circuit Court in 2002. He was sentenced to life imprisonment without the possibility of parole on the murder convictions, a concurrent term of 15 to 25 years imprisonment on the armed robbery conviction, and a consecutive term of two years imprisonment on the felony firearm conviction. The trial court subsequently vacated the felony murder sentence.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the admission of a co-defendant's statements to a jailhouse informant, a witness's reading of his own statement into the record, the admission of a co-defendant's statement and counsel's failure to object, the failure to locate a res

gestae witness and counsel's failure to request a missing witness instruction, double jeopardy as to the felony murder and armed robbery convictions, and cumulative error. The court granted relief on the double jeopardy claim and vacated Petitioner's armed robbery conviction, but denied relief on his other claims. *People v. Hayes*, 2004 WL 2119686, at *5-6 (Mich. Ct. App. Sept. 23, 2004). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Hayes*, 472 Mich. 937, 698 N.W.2d 395 (June 28, 2005).

Petitioner dated his initial federal habeas petition on September 22, 2006. In that petition, he raised claims concerning the admission of a co-defendant's statements to a jailhouse informant and the effectiveness of trial counsel for failing to object to the admission of a co-defendant's statement, for failing to seek suppression of a witness's statement, for failing to seek suppression a shotgun found at Petitioner's home, and for failing to request a missing witness instruction. Petitioner subsequently filed a motion to stay the proceedings so that he could properly exhaust all of his ineffective assistance of counsel claims. Respondent filed an answer to the petition contending that it should be dismissed on exhaustion grounds. On June 25, 2007, the Court granted Petitioner's motion to stay the proceedings and administratively closed the case. The stay was conditioned on Petitioner presenting his unexhausted claims to the state courts within 60 days of the Court's order and, if he was unsuccessful in the state courts, moving to lift the stay to re-open the case and proceed on an amended petition within 60 days after the conclusion of the state collateral review proceedings.

On July 31, 2007, Petitioner filed a motion for relief from judgment with the state trial court raising his unexhausted ineffective assistance of trial counsel claims, as well as an ineffective assistance of appellate counsel claim. The trial court denied the motion. *People v. Hayes*, No. 02-005914-02-FC (Wayne Co. Cir. Ct. July 28, 2008). Petitioner then filed a delayed

application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Hayes*, No. 293264 (Mich. Ct. App. Nov. 23, 2009). Petitioner, however, did not timely seek leave to appeal before the Michigan Supreme Court. *See* Mich. S. Ct. Ltr. dated 1/22/10.

Petitioner filed an amended habeas petition raising his ineffective assistance of trial and appellate counsel claims on February 18, 2010.[1] Petitioner, however, did not move to lift the stay or to re-open the case. The stay remained until Petitioner filed a request for a public defender on November 14, 2014. Petitioner then filed a motion to re-open the case on December 12, 2014.

Petitioner's present request to re-open this case to proceed on the amended petition must be denied because he did not comply with the conditions in the Court's order staying and administratively closing the case. The stay was conditioned on Petitioner returning to state court within 60 days, exhausting his claims in the state courts, and then moving to re-open his case on an amended petition containing his exhausted claims. Petitioner did not do so. While he returned to state court in a timely fashion, he did not exhaust his claims because he did not timely seek leave to appeal with the Michigan Supreme Court. *See Bennett v. Howes*, 2007 WL 1012807, at *6 (E.D. Mich. March 30, 2007) ("After Petitioner receives a ruling from the Michigan Supreme Court relative to all of the issues presented in his habeas petition, he must either appeal to the United States Supreme Court . . . or ask this Court to lift the stay.") (citing *Palmer v.* Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Thus, he failed to properly exhaust his state court remedies. Additionally, because Petitioner did not timely seek leave to appeal with the Michigan Supreme Court, the state court proceedings ended on November 23, 2009. He did not initially move to lift the stay or re-open the case, but merely filed an amended petition dated February 18, 2010. He did not move to re-open the case until December, 2014.

---

[1] Petitioner's amended habeas petition was docketed on March 2, 2010.

Petitioner has not complied with the June 25, 2007 order. He did not exhaust state court remedies as to his habeas claims, he did not move to re-open the case in a timely manner, and he did not file his amended petition within the appropriate time limit (given that the Michigan Supreme Court rejected his untimely application for leave to appeal). Petitioner has not complied with the conditions that would entitle him to relief from the stay.

Accordingly, the Court **DENIES** Petitioner's motion to re-open (ECF No. 13) and shall not re-open this case to consider the amended petition. Rather, in accordance with Sixth Circuit precedent, the Court **VACATES** the stay (ECF No. 7) as of the date it was entered, June 25, 2007, and **DISMISSES** the petition for writ of habeas corpus (ECF No. 1) and the amended petition for a writ of habeas corpus (ECF No. 13). *See Palmer v. Carlton*, 276 F.3d 777, 780-82 (6th Cir. 2002) ("If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed.") (internal quotation omitted). The case is **CLOSED**.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on procedural grounds without addressing the merits of a habeas claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to

- 5 -

proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith.  *See* FED. R. APP. P. 24(a).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 23, 2014

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic and on Jawan Hayes #426663, Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, MI 48446 by first class U.S. mail on December 23, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS